[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2009
THOMAS K. KAHN
CLERK

No. 08-15924
Non-Argument Calendar

_____

Agency No. A096-285-587

AULIO MAURICIO DIAZ,
a.k.a. Aulio Mauricio Diaz-Molina,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 23, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Aulio Mauricio Diaz, a native and citizen of Venezuela, petitions for review

of the decision of the Board of Immigration Appeals that denied his motion to reconsider. Diaz argues that the Board should have sua sponte reopened his removal proceedings and its failure to do so violated his due process rights. We deny in part and dismiss in part Diaz's petition.

## I. BACKGROUND

Diaz entered the United States as a nonimmigrant visitor. Diaz conceded removability and applied for asylum, but later withdrew that application with prejudice and was granted four months to depart voluntarily. Twelve days before he was required to depart, Diaz moved to withdraw his request for departure and to reinstate his application for asylum. The immigration judge ruled that Diaz provided "no substantial grounds" to grant the motion and, in the alternative, that the motion was untimely to reopen his asylum proceeding.

Diaz filed a second motion to withdraw and argued that he had agreed to voluntary departure under duress. The immigration judge treated Diaz's filing as a motion to reopen and denied that motion as untimely and for failure to provide new facts that would affect Diaz's eligibility for asylum. The judge declined sua sponte to reopen the proceedings because Diaz had not alleged that any exceptional circumstances would warrant such relief. The immigration judge also ruled that Diaz's allegations of coercion by his counsel and the court were without merit because Diaz had knowingly and voluntarily decided to withdraw his application

2

for asylum after the immigration judge found Diaz's application frivolous.

The Board dismissed Diaz's appeal. The Board ruled that Diaz failed timely to move to reopen his asylum proceeding; to provide a reason to exempt him from the filing deadline; or to provide a reason to reopen his proceeding. Diaz did not appeal the decision.

Diaz twice moved the Board to reconsider. The Board denied the first motion on the basis that Diaz failed to establish that the Board made any legal or factual error in dismissing his appeal. The Board ruled that the second motion was barred as successive. 8 C.F.R. § 1003.2(b)(2).

## II. STANDARD OF REVIEW

We review the denial of a motion to reconsider for abuse of discretion. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007).

## III. DISCUSSION

Diaz challenges the denial of his motion to reconsider on two grounds. Diaz argues that the Board should have reopened his asylum proceeding because the immigration judge violated his due process rights. Diaz also argues that the Board failed sua sponte to reopen his removal proceedings, but we lack jurisdiction to consider that argument. See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1294 (11th Cir. 2008).

The Board did not abuse its discretion by denying Diaz's second motion to

3

reconsider. Diaz was not permitted to file a successive motion that requested the Board reconsider the denial of a previous motion to reconsider. INA § 240(c)(6); 8 U.S.C. § 1229a(c)(6)(A); 8 C.F.R. § 1003.2(b)(2). We lack jurisdiction to review the orders of the Board in earlier proceedings because Diaz did not timely petition this Court to review those orders. See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

## IV. CONCLUSION

We **DENY** the petition challenging the denial of Diaz's second motion to reconsider and **DISMISS** the petition challenging the previous orders of the Board.

**DENIED IN PART AND DISMISSED IN PART.**